# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

*In re*:

DAVID STEBBINS,

                    Petitioner.

4th Cir. Case No. 26-1398

S.D. W.Va. Case No. 2:24-cv-140

## MOTION TO RECONSIDER
## PURSUANT TO LOCAL RULE 27 (b)

NOW COME Joshua Moon and Lolcow, LLC, defendants below, by counsel, and submit this Motion to Reconsider the clerk's order granting David Stebbins *in forma pauperis* status. In support of this Motion, Mr. Moon and Lolcow, LLC state as follows:

1.  The Clerk of Court granted Mr. Stebbins *in forma pauperis* status in this case by order dated April 7, 2026. Doc. No. 5. Local Rule 27(b) provides that any party may request reconsideration by the Court within 14 days. This is such a request.

2.  The petitioner, Mr. Stebbins, has not been granted *in forma pauperis* status below. He is therefore not proceeding *in forma pauperis* as a matter of right or pursuant to District Court authorization. Fed. R. App. P. 24.

3.  As the Magistrate Judge noted in his Report and Recommendation below, Mr. Stebbins has a history of vexatious litigation and is twice-declared as a vexatious litigant. ECF No. 24 at 14, citing *Stebbins v. Google LLC*, No. 3:23-cv-322 (N.D. Cal. Aug. 31, 2023), ECF No. 71 at 17. At the time of the Magistrate's Report and

Recommendation, Stebbins had initiated approximately fifty lawsuits *in forma pauperis* since 2010. ECF No. 24 at 6 *et seq*. That count rapidly became out of date, and it appears Mr. Stebbins has filed at least the following new actions, appeals, or petitions for mandamus, since January 2025:

    a. *Stebbins v. Bobanks Holdings LLC*, Case No. 3:26-mc-00005 (W.D. Ark.).

    b. *Stebbins v. Bobanks Holdings LLC*, Case No. 04CV-26-1122 (Benton Co. Circuit Court, Arkansas).

    c. *Stebbins v. American Arbitration Association, Inc*., Case No. 1:26-cv-00017 (S.D.N.Y.).

    d. *In re:  David Stebbins*, Case No. 3:25-mc-80278 (N.D. Cal).

    e. *In re: David Stebbins*, Case No. 25-1672 (3d Cir.).

    f. *Stebbins v. Doe*, Case No. 4:25-cv-04499 (N.D. Cal.).

    g. *Stebbins v. Rumble Inc*., Case No. 25-2008 (3d Cir.).

    h. *Stebbins v. Google LLC*, Case No. 25-2007 (3d Cir.).

    i. *Stebbins v. Jones*, Case No. 25-224 (9th Cir.).

    j. *Stebbins v. Walmart, Inc*., Case No. 04CV-26-489 (Benton Co. Circuit Court, Arkansas).

4. Mr. Stebbins' continued behavior in this case is indicative of his broader patterns of behavior in all his cases. Mr. Stebbins appears to admit in his petition for

a writ of mandamus that he made numerous *ex parte* communications with the District Court and its clerk, which unnecessarily multiplied proceedings and likely distracted the District Court from its important work. Petition for a Writ of Mandamus at ¶¶ 4-5. And this proceeding itself – filed without first raising concerns or seeking a dissolution of the stay in the District Court – is designed to multiply proceedings rather than simplify them.

5.  As Defendants below, Lolcow LLC and Joshua Moon challenged the factual veracity of statements in Mr. Stebbins' application for in forma pauperis status. ECF No. 11. While the Magistrate Judge did not rely upon such factual challenges – and indeed assumed even in the face of serious evidentiary challenges that Mr. Stebbins qualified in the financial sense for *in forma pauperis* status – there is a considerable body of evidence to call into question Mr. Stebbins' allegations of poverty. ECF No. 24 at 21. Specifically, Mr. Stebbins claims that he can hire composers of international renown to compose works that he then registers with the U.S. Copyright Office, and that he is even wealthy enough to pay for international service of process. ECF No. 11. This is hard to square with Mr. Stebbins' insistence that he is too poor to pay court fees.

6.  To the extent that Mr. Stebbins' factual allegations of poverty are revealed to be untrue, this Court must dismiss pursuant to 28 U.S.C. § 1915(e)(2)(A) (requiring dismissal if an "allegation of poverty is untrue"). But as the Magistrate noted in the

District Court, even if an individual financially qualifies for in forma pauperis status, that does not end the inquiry. Instead, federal courts retain the power to use their discretion to deny in forma pauperis applications where the record indicates that in forma pauperis status has been repeatedly abused. ECF No. 24 at 19. *See also Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (Wilkinson, J., concurring) (noting that courts possess "ample discretion" under § 1915(a) to deny IFP status based on the "number, content, frequency, and disposition" of a litigant's previous filings); *Zatko v. California*, 502 U.S. 16, 18 (1991) (per curiam) (denying IFP status to a petitioner who had filed 73 petitions in the Supreme Court, 34 in the preceding two years alone); *In re Sindram*, 498 U.S. 177, 180 (1991) (per curiam) (noting that "Pro se petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources" and denying IFP status and barring future IFP petitions from a serial abusive filer). Moreover, this Court may also dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(i) if it determines the petition is "frivolous or malicious." This is exactly such a case, presenting exactly such a record.

WHEREFORE, Joshua Moon and Lolcow, LLC respectfully request that this Court reconsider whether *in forma pauperis* status should be granted for purposes of this mandamus action, and deny such status. Alternatively, to the extent that Lolcow LLC and Joshua Moon have raised questions as to Mr. Stebbins' financial status

which require an evidentiary hearing as requested below at ECF No. 11, this Court

should permit the record to be supplemented with such evidence.

Respectfully submitted this the 20th day of April 2026,

JOSHUA MOON
LOLCOW LLC

**By Counsel:**

/s/Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I will file a true and correct copy of the foregoing

document with the Court's CM/ECF system, which will electronically serve

counsel of record. I have also deposited a true and correct copy of the foregoing

document into the U.S. Mail, with First Class postage prepaid, directed to:

David Stebbins
Apartment D
123 West Ridge Avenue
Harrison, AR 72601

I have also sent an electronic courtesy copy to the petitioner via email addressed

to: acerthorn@yahoo.com


Dated: April 20, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*

## Certificate of Compliance

I hereby certify, pursuant to Fed. R. App. P. 27(d)(2), that this Motion complies with the type volume limitation. It is, exclusive of the items listed in Fed. R. App. P. 32(f), 892 words in length. I have relied upon Microsoft Word's word count tool to establish that count.

Dated: April 20, 2026

/s/Matthew D. Hardin
Matthew D. Hardin
*Counsel for Joshua Moon and Lolcow, LLC*