UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

in re DAVID STEBBINS, Petitioner     )     Case 26-1398
     )
     )
     )
     )

**OPPOSITION TO MOTION TO RECONSIDER**

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Response to Defendant's Motion to Reconsider in the above-styled action.

1.      The Defendant claims that I am not in fact indigent. But he offers no proof of that beyond a handful of minor suspicions regarding how I was able to pay for things. That is not evidence that I am lying. If the Court wishes to audit me, it may do so consistent with my Fourth and Fifth Amendment rights. But I should not have to justify my indigence beyond the legally mandatory IFP Application (filed under penalty of perjury, no less) that everyone must follow.

2.      If the Court does consider auditing me, I would first like to turn the Court's attention to Case 3:24-cv-00398 (Stebbins v. Baz) in the US District Court for the Northern District of California, and more specifically, ECF 12 in that case. In that filing, I provide evidence which demonstrates how I was able to achieve the feats the Defendant, in the instant motion, complains about, while still being indigent enough to qualify for in forma pauperis status. So please consider that *before* you audit me.

3.      Barring that, the defendant then argues that I should be denied IFP status solely because I am a "twice declared vexatious litigant." First of all, the second of those two declarations is still being appealed. See Case No. 24-1936 in the 9th Circuit Court of Appeals. So there a reasonable chance I won't be a "twice declared" vexatious litigant for very much longer.

4.      Speaking of which, that just begs the question: Why, exactly, should my prior adjudications in other districts necessarily, and as a matter of course, carry over here? Bear in

Page 1 of 4

mind that the Defendant offers no arguments as to why the instant Petition for Writ of Mandamus is frivolous. His entire case for revoking my IFP status (and thereby pricing me out of court accordingly) begins and ends with the fact that I had these other declarations in other courts. But why should that necessarily carry over here?

5. In the District Court, the Magistrate Judge (at least initially) admitted that it *doesn't* necessarily carry over to that district. He later changed his tune, but even then, he still didn't declare that my foreign declarations *necessarily* carried over to that district, like a convicted sex offender who necessarily must register his status with any city he moves to, anywhere in the USA, as a matter of course, regardless of what state he was originally convicted in. Instead, the Magistrate Judge tried to argue that, because of my allegedly "abusive" behavior *in that district* (which basically amounted to me exercising my First Amendment right to complain about the judge's staff's unprofessional behavior and recording said behavior for evidence, both of which fall squarely within the First Amendment) justified bringing those declarations over.

6. I filed a timely objection to that Report & Recommendation. However, a district judge ruling on that objection has been due for over a year. That is precisely the relief that I am seeking with the instant Petition for Writ of Mandamus!

7. The Defendant, in the instant motion, might have had a point if (A) the district judge adopted the Report & Recommendation in its entirety, (B) I took an immediate appeal as of right because that order had the effect of disposing of the matter in its entirety, and (C) this Court ultimately affirmed the district judge's order. Given how long ago the objection was filed, there has certainly been enough time for that appeal to have been taken and finished in its entirety by now if the District Judge hadn't been so indolent. But alas, that is not the current status of the case.

8. Even without this Court affirming the judgment, the Defendant might have had a leg to

stand on if the District Judge had merely issued his order adopting the Report & Recommendation in its entirety. Then, while the appeal was pending, the district court order would remain in effect unless I posted a supersedes bond to stay its enforcement. But instead, all we really have, up to this point, is a Magistrate Judge's Report & Recommendation that I be denied IFP status and declared a vexatious litigant in that district. Such a court document has no more force of law behind it than a party's pending motion for that same relief, and therefore deserves about as much deference from this Court.

9.      Even if this Court ultimately believes that the District Court *should* adopt the Report & Recommendation in its entirety... even if it believes it is fully prepared to *reverse* the District Court's decision for abuse of discretion if it *doesn't* adopt the Report & Recommendation in its entirety – isn't it still in the best interests of justice to just order a ruling and get this over with? The docket has been sitting idle for OVER A YEAR! Isn't moving this matter along still in the interests of justice, regardless?

10.     That transitions me to my final point: In the final page of their motion, the Defendants point out that federal courts retain the power to deny in forma pauperis status to litigants whose filings are clearly frivolous or meritless. However, is it truly frivolous that I think an entire year is enough time for the district judge to rule on my Objection to Report & Recommendation? Even if the Court ultimately decides to deny this Petition, that alone doesn't make it frivolous. So is it genuinely frivolous that I want this case to move forward? The Defendant certainly hasn't pointed to any facts unique to this petition that suggest that. So unless the Court can genuinely find this petition frivolous on its own merit, without referring to wholly arbitrary declarations in other districts, then it should still permit in forma pauperis in this case.

11.     Wherefore, premises considered, I respectfully pray that the Defendant's Motion to Reconsider be denied, and for any other relief to which I may be entitled.

Page 3 of 4

So requested on this, the 21st day of April, 2026.

/s/ David Stebbins
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com