

EXHIBIT
1

**IN THE CIRCUIT COURT OF BOONE COUNTY, ARKANSAS**
**CIVIL DIVISION**

DAVID A. STEBBINS                                                         PLAINTIFF

VS.                                          CASE NO. CV2015-38-4

GEOFF THOMPSON, JASON DAY, JASON JONES,
JOHN EDGMON, BOB KING, DANNY HICKMAN,
BOONE COUNTY, ARKANSAS, AND
RAINWATER, HOLT, AND SEXTON, P.A.                                DEFENDANTS

**FINDINGS OF FACT, CONCLUSIONS OF LAW,**

**AND ORDER OF DISMISSAL AND FOR SANCTIONS**

The Court, having listened to argument, reviewing case law, and reviewing the file, does

hereby issues the following findings of fact, conclusions of law, and orders:

**Findings of Fact**

1.      That on February 12, 2012, the plaintiff filed Case No. 3:12-CV-03022 against

Boone County, Arkansas and Sheriff Danny Hickman in the United States District Court,

Western Division of Arkansas, Harrison Division.

2.      That on January 16, 2014, the Honorable Judge James Marschewski, the United

States Magistrate Judge for the Western District of Arkansas, issued an order resolving discovery

issues raised by the plaintiff, including some of the same issues before this court.

3.      That on April 22 and 23, 2014, Judge Marschewski held an evidentiary hearing to

determine which issues, if any, were triable by a jury. These were issues as a matter of law.

4.      That on July 11, 2014, Judge Marschewski filed a report and recommendation to

dismiss Case No. 3:12-CV-03022.

5.      That on August 25, 2014, the Eighth Circuit Court of Appeals denied the plaintiff leave to file an appeal in forma pauperis.

6.      That on December 4, 2014, the plaintiff filed a petition for writ of certiorari with the United States Supreme Court, which was denied on February 10, 2015.

7.      That on February 23, 2015, the plaintiff, representing himself pro se, then filed Case No. CV2015-38-4 against Geoff Thompson, Jason Day, Jason Jones, John Edgmon, Bob King, Danny Hickman, Boone County, Arkansas, and Rainwater, Holt and Sexton in the Circuit Court of Boone County, County,

8.      That on March 12, 2015, a motion to dismiss was filed in this case by the defendants Day, King, and Boone County.

9.      That on March 13, 2015, a motion to dismiss was filed by defendants Thompson and Rainwater, Holt and Sexton. and then subsequent to that the motion to dismiss were filed by the defendants Day, King, and Boone County, as well as motion to dismiss was filed by defendants Thompson and Rainwater, Holt and Sexton.

10.     The plaintiff stated in his brief in support of plaintiff's response to the motion to dismiss filed on March 23, 2015, that all nine counts of perjury plaintiff brings in this case were, in fact, central to the underlying federal case, which was 3:12-CV-03022, and that the statements were "indeed very material to the related federal case."

### Conclusions of law and Orders of Dismissal and For Sanctions

11.     According to *Montana v. U.S.*, 440 U.S. 147 at 153, 154, under collateral estoppel once an issue is actually necessarily determined by a court of competent jurisdiction that

determination is conclusive in subsequent suits based on a different cause of action involving a party to a prior litigation. The Supreme Court in the *Montana* case stated further to preclude parties from contesting the matters they have had full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. See *Montana v. U.S.*, 440 U.S. at 153 and 154.

12. The Court finds that the motions for 12(b)(6) dismissal, for failure to state a claim for which relief may be granted, are granted as to the perjury and forgery claims, as the elements are not satisfied.

13. That, on January 16, 2014 and April 22, 2014, the plaintiff's discovery issues were actually and necessarily determined by the United States District Court in Case No. 3:12-CV-2015-38-4. The United States District Court for the Western District of Arkansas is a court of competent jurisdiction. That the plaintiff had a full and fair opportunity to litigate those discovery matters in federal court and those issues were actually adjudicated in the federal case 3:12-CV-2015-38-4 on April 22, 2014. That the determination of the United States court is therefore conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation. The federal court case 3:12-CV-2015-38-4 was dismissed with prejudice. The time to appeal that case has expired and the plaintiff's writ of certiorari was denied

14. The Court also finds that the plaintiff's claims of perjury against the defendant in this matter were central and material to the underlying discovery issues in the federal case as pleaded by the plaintiff in this matter.

15.  The Court also finds that discovery issues were actually necessarily determined by the United States District Court and dismissed with prejudice.  This court finds that, for the reasons stated above, that the plaintiff is collaterally estopped and precluded from claiming the perjury issue and the forgery issue in this action.  Therefore, the issue for perjury and forgery being the only issues in these complaints, the case is hereby dismissed with prejudice as to all defendants.

16.  As to Rule 11, when a plaintiff represents himself pro se, he is treated by the court as if he had full knowledge and understanding of the law, Rules of Evidence, and Rules of Civil Procedure equal to a licensed attorney.

17.  Under Rule 11 of the Arkansas Rule of Civil Procedure, an attorney signing a pleading, motion or other paper on behalf of a party constitutes a certificate that (1) the attorney made a reasonable inquiry into the facts supporting the document or pleading,  (2) that he or she made a reasonable inquiry into the law supporting that document to ensure that it is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (3) the attorney did not interpose the document for any improper purpose -- purpose, such as to harass or cause unnecessary delay or needlessly increase in the cost of litigation.  *See Crockett & Brown, P.A. v Wilson*, 901 S.W.2d 822, also 828 (Ark. 1995); Arkansas Rule of Civil Procedure 11.

18.  Rule 11(a) provides, in part, that the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a representative party, or both, an appropriate sanction.  The Court finds that the plaintiff did not make a reasonable inquiry into the law as to

the issues in this case: as to the jurisdiction issue and as to the collateral estoppel issue. The Court finds that the plaintiff did not act in good faith in his filing of this action. This court finds that the plaintiff filed this action for the purpose to harass these defendants which resulted in the needless increase in the cost of litigation. Therefore, the Court will award attorneys fees in an amount deemed appropriate by this court for the separate defendants Geoff Thompson and Rainwater, Holt and Sexton. The Court also awards attorneys fees in an amount appropriate to be determined by this court to the separate defendants Jason Day, Bob King, and Boone County, Arkansas.

19.     Also, the Court is going to sanction Mr. Stebbins. Mr. Stebbins is hereby sanctioned and prohibited from filing any cause of action in the Circuit Court of Boone County as a pro se plaintiff. The Boone County Circuit Court is hereby ordered to refuse to accept any cause of action to be filed in the Boone County Circuit Court where Mr. Stebbins is acting as a pro se plaintiff. He is no longer able to file any lawsuits in Boone County on his own. He will find appropriate counsel to assist him to do so. The plaintiff is representing himself and plaintiff may file cases through counsel. This court is imposing the sanction to ensure that no further frivolous actions are filed to harass these parties or cause a needless increase in the cost of litigation in its future.

Therefore, for the reasons set forth above, the Defendants' motions to dismiss are GRANTED, this case is dismissed with prejudice, and the Plaintiff is sanctioned, as set forth herein.

IT IS SO ORDERED.

Brad Karren

Circuit Judge

8-20-15

Date

Prepared by:

Jason E. Owens

Attorney for Defendants