

EXHIBIT
A

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION


DAVID STEBBINS,

                Plaintiff,

v.                              CIVIL ACTION NO.  2:24-cv-00140

JOSHUA MOON, et al.,

                Defendants.


### MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff David Stebbins' ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs.  (ECF No. 1.)  By standing order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R").  (ECF No. 4.)  Magistrate Judge Tinsley entered the PF&R on January 27, 2025.  (ECF No. 24.)  Plaintiff filed his objections to the PF&R on February 18, 2025.  (ECF No. 29.)

For the reasons discussed below, the Court **OVERRULES** Plaintiff's objections, (ECF No. 29), **ADOPTS** the **PF&R**, (ECF No. 24), **DENIES** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (ECF No. 1), and **DISMISSES** this case without prejudice unless Plaintiff pays the $405.00 filing fee within thirty days of this order.[1]

### I.      BACKGROUND

---

[1] Plaintiff filed an amended complaint without authorization from the Court.  (ECF No. 34.)  Accordingly, Plaintiff's First Amended Complaint must be **STRICKEN** from the record.

1

A detailed recitation of the facts in this case can be found in Magistrate Judge Tinsley's previous PF&R, (ECF No. 24 at 1–18), and therefore need not be repeated here. The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

## II.    LEGAL STANDARD

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150, (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In reviewing the portions of the PF&R which Plaintiff has objected to, the Court will consider the fact that Plaintiff is acting pro se and his pleadings will be afforded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## III.    DISCUSSION

Plaintiff presents several overlapping objections to the PF&R.[2]    Each objection is addressed in turn.

### A.    Denial of In Forma Pauperis ("IFP") Status

---

[2] Plaintiff argues that he has been prejudiced by the Court's failure to rule on his motion for extension of time, (ECF No. 26.) However, the Court has already deemed that motion moot. (ECF No. 33.) Accordingly, the Court need not revisit this argument again.

The Magistrate Judge found that Plaintiff appeared to qualify financially for IFP status but concluded that Plaintiff's frequent filings in federal court constituted an abuse of the judicial system which justified denial of his application.  (ECF No. 24 at 21.)  Plaintiff argues that complete denial of his IFP status is unconstitutional because the Court must either (1) declare him indigent; or (2) conclude that denial of his IFP status would not hinder his access to the court system.  (ECF No. 29 at 2.)  The Court disagrees.

The IFP statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts."  *Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).  Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees would not create barriers for indigent persons from pursuing meaningful litigation.  *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (citations omitted).  For this purpose, § 1915(a) allows a litigant to commence a civil or criminal action in federal court IFP by filing in good faith an affidavit stating, among other things, that he is unable to pay the costs of the lawsuit.  *Neitzke,* 490 U.S. at 324, 109 S.Ct. 1827.

Regardless of an individual's financial status, certain circumstances might justify denying an otherwise qualified litigant leave to proceed IFP based on their abuse of the judicial system.  *See, e.g., In re Sindram*, 498 U.S. 177, 180 (1991) ("[T]he Court has a duty to deny IFP status to those individuals who have abused the system."); *In re Whitaker*, 513 U.S. 1 (1994) (denying IFP status when petitioner had filed twenty-three claims for relief, all of which had been denied without dissent); *Martin v. District of Columbia*, 506 U.S. 1 (1992) (denying IFP application of "a notorious abuser of this Court's certiorari process" when ten out of eleven prior petitions had been deemed frivolous); *In re McDonald*, 489 U.S. 180 (1989) (denying IFP status to non-prisoner

seeking to file a petition for a writ of habeas corpus in the Supreme Court, where the person had pursued more than seventy prior filings).

Here, as the Magistrate Judge correctly observed, the abusive nature of Plaintiff's filings is demonstrated by his "long history of bringing unmeritorious litigation[.]"[3]  (ECF No. 24 at 22.) Plaintiff is a prolific *pro se* filer with approximately fifty prior cases filed across twelve district courts, whose filing practices and conduct towards court staff have resulted in the imposition of sanctions in multiple jurisdictions.  (*Id*. at 6–7, 24.)  In many of these cases, Plaintiff unsuccessfully sought leave to proceed IFP.  *See Stebbins v. Stebbins*, 3:12-cv-03130 (W.D. Ark. Feb. 6, 2013), ECF No. 7 at 1–2.  The Magistrate Judge did not err in taking this into account, given that "proceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court."  *Grass v. E. Associated Coal Corp.*, 2:05-CV-0496, 2007 WL 9718153, at *2 (S.D. W. Va. Oct. 24, 2007) (citing *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).  As such, courts retain broad discretion to police IFP status where a litigant has burdened the judicial system.  *See Day v. Day*, 510 U.S. 1, 2 (1993) (denying leave to proceed IFP because plaintiff filed and requested to proceed IFP thirty-five times over nine years.).

Accordingly, the Magistrate Judge properly considered Plaintiff's extensive litigation history in denying his application to proceed IFP, and this objection is **OVERRULED**.

---

[3] *See, e.g.*, *Stebbins v. Google, Inc.*, No. 11-CV-03876-LHK, 2011 WL 5150879, 2011 U.S. Dist. LEXIS 125701 (N.D. Cal. Oct. 27, 2011) (dismissing *sua sponte* as "frivolous" and "clearly baseless"); *Stebbins v. Stebbins*, 575 F. App'x 705, 705 (8th Cir. 2014) (noting it is "undisputed that Stebbins has proceeded in forma pauperis on at least sixteen complaints [as of 2014] that proved meritless, and has filed numerous frivolous motions"); *Stebbins v. Bradford*, No. 3:12-CV-03131, 2013 WL 3366289, 2013 U.S. Dist. LEXIS 94179 (W.D. Ark. July 5, 2013) (dismissing complaint as frivolous); *Stebbins v. Hixson*, No. 3:18-CV-03040, 2018 WL 2124106, 2018 U.S. Dist. LEXIS 79361 (W.D. Ark. May 8, 2018); *Stebbins v. Microsoft, Inc.*, No. C11-1362 JCC, 2012 WL 12896360, at *1 (W.D. Wash. Jan. 13, 2012), *aff'd sub nom. Stebbins v. Microsoft Corp.*, 520 F. App'x 589 (9th Cir. 2013); *Stebbins v. Texas*, No. 3:11-CV-2227-N (BK), 2011 WL 6130403, at *—— – ——, 2011 U.S. Dist. LEXIS 146248, at *8-9 (N.D. Tex. Oct. 24, 2011).

**B.    *Review Under U.S.C. § 1915(e)***

Plaintiff next argues that sanctions on future filings cannot be indicative of the viability of the present case.  (*See* ECF No. 29 at 2.)   Specifically, Plaintiff maintains that regardless of future filing restrictions, the Court must still conduct a review under § 1915(e) and allow the case to proceed.  (*Id*.)   This argument mischaracterizes the Magistrate Judge's recommendation.   The Magistrate Judge recommended that this action may proceed if Plaintiff pays the required filing fee.   (ECF No. 24 at 22–24.)

When a plaintiff seeks IFP status, the court conducts a preliminary review of the lawsuit before allowing the case to proceed.   *See* 28 U.S.C. § 1915(e).   The court must dismiss a case at any time if the court determines that the IFP complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B); *Neitzke*, 490 U.S. at 327–28 (1989).

The Magistrate Judge conducted an initial review of the Complaint pursuant to § 1915(e). (*See* ECF Nos. 12, 24 at 22–24.)   As reflected in the PF&R, the Magistrate Judge determined that the action appeared to be brought for an improper purpose and was substantially similar to prior lawsuits filed by Plaintiff that had been dismissed as frivolous in other courts.   (ECF No. 24 at 22–24.)   Nevertheless, the Magistrate Judge recommended that the case could proceed so long as Plaintiff paid the appropriate filing fees.   (*Id*. at 29.)   Thus, Plaintiff's objection that the case should proceed despite IFP restrictions lacks merit, as the PF&R already afforded him that opportunity contingent on the payment of the appropriate filing fees.

**C.    *Prior Conduct***

Plaintiff's broader assertion that his litigation history in other districts and conduct with court staff should not be taken into consideration is likewise unpersuasive. For the reasons discussed above, the Magistrate Judge properly acknowledged Plaintiff's extensive litigation history in evaluating and recommending that his application to proceed IFP be denied. *See Emrit v. Bd. of Immigr. Appeals*, No. 2:22-CV-00110, 2022 WL 3594518 (S.D. W. Va. Aug. 23, 2022) (adopting recommendation to deny IFP status despite Plaintiff financially qualifying for it due to abusive litigation practices across courts nationwide).

The Magistrate Judge also appropriately highlighted Plaintiff's conduct with court personnel as an example of his abusive behavior. (ECF No. 24 at 24–26.) On March 27, 2024, Plaintiff called the Magistrate Judge's chambers and spoke to his law clerk to request expedited consideration of his pending Motion for ECF Access. (*Id*. at 17.) Plaintiff surreptitiously recorded this call and uploaded the recording to YouTube. (*Id*.) Plaintiff subsequently sent an email to the chambers of the presiding District Judge issuing a "formal complaint" against the law clerk and demanding corrective action by (1) assigning the case to another law clerk, (2) requiring the Magistrate Judge to recuse himself from the case, [4] or (3) terminating the law clerk's employment. (*Id*.) Plaintiff again called the Magistrate Judge's chambers on August 2, 2024, "to inquire about why the case was taking so long" and requested to speak with the law clerk. (*Id*.). This call was also recorded and uploaded to YouTube. (*Id*. at 18.).

As Plaintiff correctly notes, the act of recording the conversation was not unlawful. (ECF No. 29 at 6.) However, the Magistrate Judge did not contest the legality of Plaintiff's conduct. Instead, the Magistrate Judge acknowledged it as a repeated pattern of recording and uploading

---

[4] This case was subsequently reassigned from Magistrate Judge Tinsley to another Magistrate Judge. (ECF No. 40.)

conversations with judicial staff in order to pressure the courts to follow his commands. (ECF No. 24 at 24.) Plaintiff argues that the Magistrate Judge's account of the situation amounts to stripping him of his First Amendment rights to contact chambers, record calls, or file complaints.[5] This is untrue. The Magistrate Judge did not recommend the imposition of sanctions forbidding Plaintiff from further recording phone calls with staff and uploading them to YouTube, or from emailing the chambers with complaints, even though it is within his power to do so.

The Supreme Court has made clear that courts "are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quotation marks omitted). This inherent authority arises from the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quotation marks omitted). Courts not only have these inherent powers, but they also have a "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 (1989) (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). The Court's powers to maintain respect, decorum, and judicial order in proceedings extend to the entire courthouse premises. *See Sheppard v. Maxwell*, 384 U.S. 333, 358 (1966) ("The carnival atmosphere at trial could easily have been avoided since the courtroom and courthouse premises are subject to the control of the court.").

---

[5] The First Amendment does not entitle a litigant to harass and intimidate opposing parties, their counsel, or the Court. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 n.18 (1984) ("Although litigants do not 'surrender their First Amendment rights at the courthouse door,' those rights may be subordinated to other interests that arise in this setting." (citation omitted)

Further, Plaintiff also contends that because recording and posting the phone calls with court staff online does not amount to abusive behavior, he has done nothing wrong in this district to warrant denial of his IFP status "yet." (ECF No. 29 at 6.) Regardless of the legality of the Plaintiffs actions, he remains bound by the rules of professional conduct and courtroom decorum, over which this Court retains inherent authority to enforce. *See Staples v. Yates*, No. 2:23-CV-00429, 2024 WL 1329963 *15 (S.D. W. Va. Mar. 28, 2024) ("The Court may penalize a party or attorney for failing to comply with a law, rule or order at any point while a lawsuit is pending . . . and pro se litigants are subject to the same sanctions as licensed attorneys.") (citing Pro Se Handbook, at § 2.3 p. 4.)

Abusive conduct subject to the Court's inherent power includes extrajudicial communications intended to harass or intimidate opposing parties, their counsel, or the Court. *See, e.g., Fredin v. Middlecamp*, No. 17-CV-03058 (SRN/HB), 2020 WL 6867424 (D. Minn. Nov. 23, 2020), aff'd, 855 F. App'x 314 (8th Cir. 2021) (upholding sanction in response to pro se litigant uploading videos targeting attorneys, judges, jurors, and court staff involved in the case); *Nguyen v. Biter*, No. 1:11-CV-00809-AWI, 2015 WL 366932 (E.D. Cal. Jan. 27, 2015) (sanctioning pro se litigant for including harassing communications in court filings and messages to opposing counsel); *Blum v. Schlegel*, No. 91-CV-633S, 1996 WL 925921, at *8 (W.D. N.Y. May 9, 1996), aff'd, 108 F.3d 1369 (2d Cir. 1997) (sanctioning litigant for sending letters to third parties disparaging opposing counsel and the presiding judge).

Thus, the Magistrate Judge did not err by taking Plaintiff's multiple recorded phone calls into account when denying Plaintiff's application to proceed IFP. Plaintiff's pro se status is not an excuse for his misconduct before this Court, as "[n]either the liberal pleading rules nor generous

pro se practices of the courts has eliminated 'the time honored notion that the law and the courts of the United States are important parts of American Society worthy of respect[.]'" *Fenner v. Bell*, 1:08-cv-00367, 2009 WL 6372547 n.1 (M.D. N.C. Nov. 13, 2009) (quoting *Theriault v. Silber*, 579 F.2d 302, 303 (5th Cir. 1978)).

Accordingly, this objection is **OVERRULED**.

### D.    *Defendants' Conduct*

Plaintiff argues that the Magistrate Judge erred by incorporating his subjective motivations for filing the lawsuit into the IFP analysis while allegedly ignoring the Defendants' misconduct. (ECF No. 29 at 8–10.)   Specifically, Plaintiff contends that by analyzing Plaintiff's ulterior motives for filing the lawsuit, the Magistrate Judge invoked an "absolute bar to an otherwise meritorious claim." (*Id*. at 8.)   Again, the Magistrate Judge did not recommend the imposition of an absolute bar on Plaintiff's claim.   Instead, the Magistrate Judge recommended that Plaintiff be "required to pay the filing fee should he wish to prosecute the instant action before this Court." (ECF No. 24 at 29.)   Further, Plaintiff cites to no case law in which external evidence of a Defendant's misconduct should be considered within an analysis of whether a Plaintiff's Motion to Proceed without Prepayment of Fees or Costs should be granted.[6]   Nor does Plaintiff point to any specific misconduct on behalf of the Defendants that the Magistrate Judge overlooked.

Accordingly, this objection is **OVERRULED**.

### IV.    *CONCLUSION*

---

[6] In support of Plaintiff's argument that the Defendants' misconduct must be weighed, Plaintiff cites to cases involving various standards of submitting evidence to a jury, and the plain language of the federal rules of evidence.   (ECF No. 29 at 10.)   This authority is not relevant to the present issue.

The Court **OVERRULES** Plaintiff's objections, (ECF No. 29), **ADOPTS** the **PF&R**, (ECF No. 24), **DENIES** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (ECF No. 1), **DISMISSES** this case without prejudice unless Plaintiff pays the $405.00 filing fee within thirty days of this order.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        April 27, 2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE