UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

in re DAVID STEBBINS, Petitioner )))))) Case 24-1740

## OPPOSITION TO MOTION TO DISMISS AS MOOT

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Opposition to Motion to Dismiss as Moot in the above-styled action.

1. There is new evidence that shows that these delays are far more sinister than mere judicial incompetence, but are instead systemic and intentional retaliation against me for exercising my First Amendment rights.

2. On May 1, 2026, I attended via zoom a Case Management Conference in Case 4:23-cv-00321-MMC (Stebbins v. Redfield) in the US District Court for the Northern District of California, before Senior Judge Maxine Chesney. That conference was video recorded by the Court. I do not have a copy of that recording and was not allowed to record the conference myself, but Judge Chesney has a copy of it, so this Court can request a copy thereof if it wants.

3. At the end of our conference, I asked Judge Chesney about the delays, since she was guilty of a few of them herself. She proceeded to admit, out loud, that this is what I get for filing so many pro se lawsuits that "aren't worth very much." She never said my lawsuits were *frivolous*, just that there was a large *quantity* of them, and the judges believed them to be "not worth very much." But if I am entitled to even $1 in damages, that still means that the lawsuit was technically meritful.

4. Therefore, if these repeated, habitual delays are in fact the result of judicial vindictiveness against me for the number of lawsuits I have filed, then that is a naked retaliation of my constitutional right to court access.

Page 1 of 4

5.    I even explained as much in my "Supplement to Case Management Conference Minutes, which I filed in that case on May 4, 2026. See **Exhibit A**. Notice especially how I explain how it logically follows that this vindictiveness is also considered when they decide the merits and, ultimately, how this creates a self-fulfilling prophecy, and how that self-fulfilling prophecy results in me being declared a vexatious litigant when I don't deserve it.

6.    So what does that have to do with the instant petition for writ of mandamus? Well, it means that, even though the district court has finally brought the proceedings current, it is still prudent for this Court to compel a response from the district court, in order to find out (A) what was the reason for the delay, (B) will this pattern of delay continue, (C) if it was indeed, even partially, because of spite towards me for having exercised my First Amendment right to court access a bit more than they feel I should have, does that mean that they will also unfairly consider that vindictiveness when deciding the merits, and (D) if so, should that require the district judge's recusal on the grounds that he has "reveal[ed] such a high degree of … antagonism as to make fair judgment impossible" as defined by Liteky v. United States, 510 US 540, 555 (1994)?

7.    After all, not only is this the second time I've had to petition for a writ of mandamus in this case alone (remember that writs of mandamus are supposed to be "extraordinary writs"), but even when the district judge did bring the matter current the second time, he made numerous comments that clearly showed his vindictiveness against me, including but not limited to...

    (a)    Striking my Amended Complaint solely on the grounds that I did not seek leave of court to file it, even though Fed.R.Civ.P. 15(a)(1) clearly says I don't need leave of court under

8.    And if *all* the judges in the entire country are likely to have this degree of antagonism (as evidenced by the fact that this happens in almost every lawsuit I file, in almost every district), to the point where recusal becomes a waste of time, then that may mean that this Court may have to

impose special, ongoing requirements on district court judges in this circuit, such as …

(a)    requiring all district judges in the 4th Circuit to rule on all matters in my cases within 35 days of them being filed, and

(b)    to protect me from wholly arbitrary judicial rulings, requiring the judges to address, in their written orders, every argument I raise in my briefs, oppositions, and replies, with each address containing

i.    specific findings of fact,

ii.    with references to evidence on record or facts which are judicially noticeable to support said findings of fact,

iii.    specific conclusions of law, and

iv.    specific citations of law (e.g. case law, statute, executive regulation, etc.) to support said conclusions of law.

9.    If every judge in the country has this degree of antagonism towards me, such drastic protections may be necessary to protect me from unconstitutional judicial vindictiveness. By that point, recusal would be a waste of time, since it's a foregone conclusion that the judge to replace him would simply be a judge who is just as vindictive as the last one.

10.    For these reasons, the matter should not be dismissed as moot, as there are still pertinent matters that this Court could sort out in these proceedings. But first, it must compel the District Judge to make his own response to this petition.

11.     Wherefore, premises considered, I respectfully pray that the matter not be dismissed as moot.

So requested on this, the 5th day of May, 2026.

/s/ David Stebbins
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com