**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT**

*In re*: DAVID STEBBINS,

               *Petitioner*.

Case No. 26-1398

**MOTION OF JOSHUA MOON AND LOLCOW LLC FOR
RECONSIDERATION OF THE ORDER DENYING COSTS**

Joshua Moon and Lolcow LLC, the real parties in interest and the prevailing

parties in this proceeding, respectfully move under Fourth Circuit Local Rule 27(b)

for reconsideration of the Court's July 16, 2026 Order denying their bill of costs and

directing that "each party shall bear their own costs." The petition for a writ of

mandamus was denied in full and the respondents' motion to dismiss was granted.

Under Fed. R. App. P. 39(a), costs are presumptively allocated against the losing

party. The clerk, ruling on the bill in the first instance, had no authority to override

the rule, and the Court has not ordered otherwise for any stated reason. Stebbins, for

his part, never objected to the bill of costs. The Court should reconsider the Order

and allocate costs against Stebbins.

**BACKGROUND**

On May 27, 2026, the Court entered judgment denying Stebbins's petition for

a writ of mandamus. In the accompanying opinion, the Court granted the

respondents' motion to dismiss the petition and denied Stebbins's motions. On June 10, 2026, within the fourteen days allowed by Rule 39(e)(3)(A), the respondents filed a verified bill of costs. Stebbins filed no objection within the fourteen days allowed by Rule 39(e)(3)(B), or at any time thereafter. On July 16, 2026, the Clerk, "For the Court, By Direction," entered a one-sentence Order stating: "The court denies the bill of costs filed in this case. Each party shall bear their own costs." The Order gives no reason for departing from the rule's mandatory allocation of costs.

## ARGUMENT

### I.  The clerk had no discretion to deny costs, and Rule 39(a) presumptively allocates them against Stebbins.

Rule 39(a) supplies default allocations of taxable costs "unless the law provides, the parties agree, or the court orders otherwise." Fed. R. App. P. 39(a). The Rule directs that "each party bears its own costs" in only one circumstance: where "a judgment is affirmed in part, reversed in part, modified, or vacated." Fed. R. App. P. 39(a)(4). This case was not a mixed result. Stebbins's petition was denied in full and the respondents' motion to dismiss was granted. Stebbins obtained nothing. The Rule therefore requires allocation of costs against the losing party, not an even division.

The July 16 Order was entered by the clerk, not by the Court. Under this Court's Local Rule 39(b), "[t]he clerk rules on all bills of costs and objections in the first instance." The clerk's role at that stage is ministerial and mandatory in nature: the clerk must award the costs mandated by Rule 39(a). The discretion to "order otherwise" belongs to the Court, and a one-sentence order entered "by direction," without reasons, is not a reasoned exercise of that discretion. Rule 39 reflects "the venerable presumption that prevailing parties are entitled to costs." *City of San Antonio v. Hotels.com, L.P.*, 593 U.S. 330, 336, (2021), citing *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). This Motion places the allocation before the Court for its decision, as reconsideration of a clerk's order is the ordinary means of doing so in this Court.

That Mr. Stebbins's petition was dismissed for mootness does not alter the analysis. The case was dismissed on respondents' motion, and they are therefore the prevailing party. Stebbins prevailed on nothing; his bid for mandamus relief was rejected in its entirety. A losing petitioner cannot evade costs merely because his meritless petition was also overtaken by events, despite that his opponents were forced to incur costs of their own.

## II.  Even if the allocation were discretionary, Stebbins offered no basis to deny costs, and none exists.

Even where a court has discretion to deny costs to a prevailing party, the losing party bears the burden of showing why costs should not be awarded, and the court must articulate a good reason for any denial. See *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (recognizing only limited justifications, such as misconduct by the prevailing party, excessive costs, or a recovery so minimal that the party prevailed in name only).

Stebbins carried no such burden here. He did not even file an objection to the Bill of Costs. Stebbins offered no reason (good or otherwise) why costs should be denied. The clerk's order similarly identifies none.

Nor is any recognized justification for departing from the ordinary rule that costs are allocated to the prevailing party present. The respondents did nothing to prolong or complicate the proceeding; they moved promptly to dismiss a meritless petition, and this Court agreed. The costs requested are modest. And this was not a close case. Stebbins has repeatedly been declared a vexatious litigant and subjected to pre-filing restrictions in multiple jurisdictions, and his mandamus petition was denied here for all the obvious reasons.

If the equities bear on the allocation at all, they favor taxing costs against Stebbins, not relieving him of them. Only weeks ago, the Ninth Circuit affirmed the

dismissal of one of Stebbins's copyright suits and the order declaring him a vexatious litigant. That Circuit's mandate taxed costs of $193.90 against him and in favor of the appellee. See *Stebbins v. Google LLC*, No. 24-1936 (9th Cir. June 4, 2026) (mem.), mandate issued (9th Cir. July 7, 2026) ("Costs are taxed against the appellant[] in the amount of $193.90."). Stebbins's *in forma pauperis* status is also no shield against an award of costs. See 28 U.S.C. § 1915(f)(1).

## CONCLUSION

Respondents respectfully request that the Court reconsider the clerk's July 16, 2026 Order, allocate costs against Petitioner David Stebbins under Rule 39(a), and tax the bill of costs as submitted without objection.

Respectfully submitted,

/s/ Matthew D. Hardin
Matthew D. Hardin, VSB #87482
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: 202-802-1948
Email: MatthewDHardin@protonmail.com
*Counsel for Joshua Moon and Lolcow LLC*

**CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 943 words, excluding the parts exempted by Fed. R. App. P. 32(f). It complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E) and 32(a)(5)–(6) because it was prepared in 14-point Times New Roman, a proportionally spaced typeface.

/s/ Matthew D. Hardin
Matthew D. Hardin

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and that I served the foregoing on Petitioner David Stebbins, who is proceeding pro se, by electronic mail addressed to acerthorn@yahoo.com.

/s/ Matthew D. Hardin
Matthew D. Hardin